# ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x    **JUDGE KARAS**

G.B. and L.B. on behalf of their minor child, NB,
and on their own behalves,

       Plaintiffs,                      **COMPLAINT**

vs.

TUXEDO UNION FREE SCHOOL DISTRICT,    **09 CIV. 0859**

       Defendant.

-------------------------------------------------------------x

## INTRODUCTION

By and through this action, plaintiffs challenge determinations made by the

New York State Review Officer [SRO] in a decision rendered on December 15,

2008. Plaintiffs seek to introduce additional information before this Court in

support of their position that the unilateral placements selected for the 2006-07

and the 2007-08 school year were appropriate for NB and the placement offered

by the local educational agency/defendant were inappropriate.

## PARTIES

1. Plaintiffs are the parents of a classified child, NB. They reside in the

Town of Tuxedo, within Orange County and this judicial district.

2. Defendant is a school district organized pursuant to the laws of the State

of New York and may be sued under the provisions of the Individuals with

Disabilities in Education Act, 20 U.S.C. sec. 1420, **et seq.**

### JURISDICTION

3. As the plaintiffs have exhausted their state remedies and as the SRO

issued a final decision on December 15, 2008, plaintiffs timely invoke the

jurisdiction of this Court.

4. This Court has jurisdiction to hear this matter pursuant to 20 U.S.C.

Sec. 1420, **et seq.** and 42 U.S.C. secs. 1331 and 1343 © & (D).

### STATEMENT OF FACTS

(A) **Summary of Plaintiffs' Claims**

5. Plaintiffs are the natural parents of NB, a child classified on the autistic

spectrum.

6. For the 2006-07 school year, plaintiffs placed their daughter at the

Children's Center of Montclair State University [Children's Center].

7. They so placed NB at this location after defendant failed to provide an

appropriate program or placement for her.

8. The Children's Center was an appropriate placement for NB.

9. Plaintiffs fully cooperated in the process which led up to NB's placement

at the Children's Center and provided timely notice of their intention to privately

place NB.

10.  The SRO wrongfully denied plaintiffs tuition reimbursement for the Children's Center for the 2006-07 school year.

11.  For the 2007-08 school year, plaintiffs placed NB at the Suffern Montessori School [Montessori].

12. They so placed NB at this location after defendant failed to provide an appropriate program or placement for her.

13.  The Montessori School was an appropriate placement for NB.

14.  Plaintiffs fully cooperated in the process which led up to NB's placement at Montessori and provided the district timely notice of their inten to privately place NB.

15.  The SRO wrongfully denied plaintiffs tuition reimbursement for Montessori for the 2007-08 school year.

(B) **Enumeration of Errors**

16.   With respect to the 2006-07 school year, the plaintiffs contend that:

(a) the CSE failed in its duty to consider whether a regular school building posed the least restrictive environment for NB;

(b) after the CSE so placed NB in a 6:1:2, it permitted Keller to change this class size without convening and amending her IEP to reflect that she was attending a

larger inclusion class;

© as modified by Keller, the number of students in NB's class at Keller was greater than that set forth in NB's IEP;

(d) the IEP failed to include services to address NB's need for sensory integration therapy;

(e) NB's teachers at Keller failed to implement her IEP and, instead,, developed their own goals, which were never presented to or approved by the district CSE;

(f) facilities at Keller were not adequate for NB's needs, specifically the loud gymnasium where NB received 1:1 speech, a required component of the IEP.

17. With respect to the 2007-08 school year, plaintiffs contend that:

(a) despite evidence that NB had progressed in an inclusionary private placement, the CSE failed to consider less restrictive alternatives for NB before recommending a "special class" and improperly assigned NB to a placement which was not the least restrictive alternative;

(b) the proposed placement at Rockland BOCES was not the least restrictive alternative for NB and did not provide her mainstreaming with non-classified students;

© the CSE terminated related services necessary to meet NB's needs ;

(d) the class placement used methodologies which were not indicated for NB and

failed to employ methods which were likely to assist her progress, and

(e) the district failed to provide appropriate services to meet NB's sensory need.

18.  In addition to these substantive errors, all of which were affirmed by the SRO, the IHO mis-applied the burden of proof at the consolidated impartial hearings in this case, ruling that while the hearing commenced after the effective date of Education Law section 4404[1][c], the parents still bore the burden of proof on all issues.

19.  The SRO affirmed this legal error with regard to the first year, 2006-07, holding that despite the commencement date of the hearing [after the effective date of the statute], the parents bore the burden of proof on all issues.

20.  With respect to both years in question, the defendant failed to consider less restrictive alternatives for NB.

21.  The 2006-07 IEP did not provide NB with any opportunities for inclusion; previously, NB had attended regular pre-school with only non-disabled children and had succeeded with assistance in that setting.

22.  Absent such provision in the IEP, the SRO erred in referencing anecdotal information to suggest that providing for such integration/inclusion was an objective of the IEP or of CSE members.

23.  During the 06-07 school year, staff at the Keller School wrongfully

altered the effective class size of NB's class without amending the IEP.

24. The SRO relied upon this increased "class" in concluding that NB was being provided more than trivial or minimal contact with non-disabled children.

25. However, the defendant was not permitted to unilaterally alter the IEP with regard to the class size the CSE determined NB needed to progress.

26. Likewise, during the 06-07 school year, despite evidence to the contrary from her prior placement, NB's classroom teacher at Keller determined that certain skills NB had mastered had not been mastered, and, for that stated reason, failed to instruct NB with respect to other IEP goals.

27. Again, this constructive alteration of the IEP was contrary to law.

28. With respect to the 2007-08, the CSE approved an 8:1+2 placement at BOCES with a range of related services.

29. The record at hearing supported plaintiffs' claim that NB need not have been educated in or at a segregated BOCES setting in 2007-08 and should have been educated at a "regular school" that year.

30. The record also supported plaintiffs' claim that the CSE delegated BOCES staff the responsibility for determining an appropriate class and grouping for NB, and, then, without obtaining and considering the class profile, relegated NB to a class consisting of students with much lower functioning skills than NB.

31. Indeed, the CSE, the IHO and SRO all ignored N's functionality during the 2006-07 school year at the Children's Center, where she was succeeding in an integrated setting with supplementary supports, and all either proposed or sustained a placement in settings more restrictive setting than that in which was progressing and capable of progressing.

32. In addition, plaintiffs pointed this out contemporaneously to those involved in the placement process.

33. The IEP for the 2007-08 school year fails to specify any "inclusionary" or mainstreaming programming for NB though she was fully capable that year of progressing in such an educational setting.

34. The SRO erred in concluding, against the record, that the CSE had considered a general education setting with supports.

35. On the contrary, there was no discussion of any such integrated setting at the CSE meeting held on August 7, 2007 and the IEP does not accurately reflect the same.

36. Thereafter, during the 2007-08 school year, the CSE wrongfully failed to consider modifying the IEP despite being presented [by plaintiffs] with a neuropsychological report which called into considerable question its appropriateness.

37. The SRO also erred when he found that N's need for supplemental home instruction was "subsumed" in the 2007-08 IEP; rather, support for the need for such supplemental services appears strong from the record below, specifically, the development and implementation of sensory integration therapy to address the sensory integration disorder which NB displayed and the CSE ignored.

38. Defendant failed to explore and determine the appropriateness of the BOCES placement for NB prior to recommending it.

39. By law, the defendant is required to do so and not merely rely on the views of BOCES' staff.

40. The SRO did not address the appropriateness of the placements plaintiffs chose for NB for the bulk of the 2006-07 school year and the 2007-08 school year.

41. Both placements were appropriate as demonstrated on the record by the tremendous progress NB made during the 2006-07 school year and the supplemental evidence which plaintiffs shall introduce in this proceeding with regard to her progress during the 2007-08 school year.

42. By the wrongful acts of defendant, as affirmed by the SRO, plaintiffs have been caused to expend substantial funds to ensure that NB receives an appropriate program and placement.

## CAUSES OF ACTION

43.  Plaintiffs incorporate paras. 1-42 as if fully set forth herein.

44.  The decision of the SRO is erroneous as a matter of law and the defendant failed to afford NB a program or placement consistent with legal standards for either the 2006-07 or the 2007-08 school year and, by so proceeding, violated the Individuals with Disabilities in Education Act, 20 U.S.C. sec. 1400, et. seq..

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs pray that this Court:

a) accept jurisdiction of this cause;

b) allow them to supplement the record as permitted by law;

c) determine that the defendant failed to provide a free appropriate public education for NB for the 2006-07 or 2007/08 school years;

d) order reimbursement of the tuition they paid for each of these years, with pre- and post-judgment interest;

e) declare the 2007-08 placement the pendent placement for NB and require continued tuition reimbursement for that placement or another appropriate placement;

f) order defendant to pay the attorneys fees and costs of this action, inclusive of

the monies plaintiffs expended on the administrative proceedings and

g) enter any other order the interests of law and equity require.

Respectfully submitted,

MICHAEL H. SUSSMAN [3497]

SUSSMAN & WATKINS
PO BOX 1005
55 Main Street, Ste 6
Goshen, NY 10924
Lead Counsel for Plaintiffs

Mary Jo Whateley [9535]
LEGAL SERVICES OF THE HUDSON VALLEY
123 Grand Street
Newburgh, NY 12550
(845)-569-9110 ext. 112

Dated: January 29, 2009
        Goshen, New York