UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

G.B. and L.B.. on behalf of their minor child,  :
NB, and on their own behalves,                  :
                                                :
                      Plaintiffs,        :      Civil Action 09 -CV- 859 (KMK)
                                                :
                vs.                          :
                                                :
TUXEDO UNION FREE SCHOOL DISTRICT,              :
                                                :
                      Defendant.         :
                                                :

---

**DEFENDANT'S REPLY MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND IN SUPPORT OF DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT**

Respectfully submitted:
**SHAW, PERELSON, MAY & LAMBERT, LLP**
Attorneys for Defendant
(Mark C. Rushfield, Esq., of Counsel)
21 Van Wagner Road
Poughkeepsie, New York 12603
Tel. No. (845) 486-4200

On the Brief:
Mark C. Rushfield, Esq.

**TABLE OF CONTENTS**

                                              **PAGE**

**TABLE OF AUTHORITIES** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

**PRELIMINARY STATEMENT AND PROCEDURAL HISTORY** . . . . . . . . . . . . . . . . . . . 1

**ARGUMENT**

      **POINT I**

             **THE DISTRICT ENGAGED IN NO ILLEGAL POLICY AS CONCERNS THE PROGRAM RECOMMENDED FOR N.B. FOR THE 2007-2008 SCHOOL YEAR** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

      **POINT II**

             **THE KELLER SCHOOL AND NORTH GARNERVILLE BOCES SCHOOL PROGRAMS WERE PROPERLY DEEMED TO BE THE LEAST RESTRICTIVE ENVIRONMENT FOR N.B. BY THE DISTRICT'S EDUCATORS AND PROFESSIONALS AND THE STATE REVIEW OFFICER AND THAT DETERMINATION IS SUBJECT TO SUBSTANTIAL DEFERENCE BY THIS COURT** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

      **POINT III** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

             **THE COURT SHOULD NOT PERMIT THE PLAINTIFFS TO SUPPLEMENT THE RECORD AS THEY HAVE PROVIDED NO REASON WHY THE PROFFERED EVIDENCE – ALL OF WHICH WAS AVAILABLE AT THE TIME OF THE HEARINGS BEFORE THE IMPARTIAL HEARING OFFICER – WAS NOT MADE PART OF THE ADMINISTRATIVE RECORD** . . . . 7

**CONCLUSION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

**TABLE OF AUTHORITIES**

**PAGE**

**CASES**

*Amann v. Stow School System*,
    982 F.2d 644 (1st Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Burilovich v. Board of Educ.*, 97-CV-72191 (BAF),
    1998 U.S. Dist. LEXIS 8052 (E.D. Mich. Apr. 24, 1998) . . . . . . . . . . . . . . . . . . . . . . . . . 3

*C.P. v. Leon County Sch. Bd.*, 03 CV 65 (RH),
    2005 U.S. Dist. LEXIS 46271 (N.D. Fla. Mar. 31, 2005) . . . . . . . . . . . . . . . . . . . . . . . . . 6

*D.F. v. Western Sch. Corp.*,
    921 F. Supp. 559 (S.D. Ind. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

*E.G. v. City Sch. Dist. of New Rochelle*,
    606 F.Supp.2d 384 (S.D.N.Y. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 5

*E.H. v. Bd. of Educ.*,
    2009 U.S. App. LEXIS 22757 (2d Cir. Oct. 16, 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Gavrity v. New Leb. Cent. Sch. Dist. & Patrick Gabriel*,
    05-CV-1024 (Lead Case), 06-CV-317 (Member Case) (NAM),
    2009 U.S. Dist. LEXIS 90190 (N.D.N.Y. Sept. 29, 2009) . . . . . . . . . . . . . . . . . . . . . . . . . 6

*J.A. v. E. Ramapo Cent. Sch. Dist.*,
    603 F. Supp. 2d 684 (S.D.N.Y. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*L. v. N. Haven Bd. of Educ.*,
    624 F. Supp. 2d 163 (D. Conn. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Lessard v. Wilton-Lyndeborough Coop. Sch. Dist.*, 06-CV-423 (JD),
    2008 U.S. Dist. LEXIS 67142 (D.N.H. Aug. 14, 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*M.S. v. Yonkers Bd. of Educ.*,
    231 F.3d 96 (2d Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Masar v. Bd. of Educ.*, 01-CV-794 (RHB),
    2003 U.S. Dist. LEXIS 20036 (W.D. Mich. Aug. 18, 2003) . . . . . . . . . . . . . . . . . . . . . . 6

*P. v. Newington Bd. of Educ.*,

    546 F.3d 111 (2d Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Pachl v. Seagren*,
    453 F. 3d 1064 (8th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Patskin v. Bd. of Educ.*,
    583 F. Supp. 2d 422 (W.D.N.Y. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Pinn v. Harrison Cent. Sch. Dist.*,
    473 F. Supp. 2d 477 (S.D.N.Y. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

**PRELIMINARY STATEMENT AND PROCEDURAL HISTORY**

On the cross-motions for summary judgment before the Court, the plaintiffs have determined not to respond to the 91 numbered paragraphs of the defendant's Rule 56.1 Counter-Statement in Support of Cross-Motion for Summary Judgment submitted to the Court under the summary judgment procedure the parties had agreed upon and followed, at least in form, up to this point. Apparently they have determined not to do so on the basis that the Court of Appeals has now ruled that a party in a proceeding such as this cannot be prejudiced by a failure to follow the summary judgment procedures at Rule 56 of the Court's Local Rules.

Instead the plaintiff has continued to make factual contentions, purportedly supported by the record below, in their Opposition and Reply Memorandum of Law ("Plaintiffs' Reply MOL"), which are not support by the record citations. These factual contentions are too numerous to address in a reply memorandum of law, limited to ten pages in length. Nonetheless, the Court is requested to examine the record closely as to the plaintiffs' contentions of fact reserved for their memoranda of law and omitted from their Rule 56.1 Statements.

**ARGUMENT**

**POINT I**

**THE DISTRICT ENGAGED IN NO ILLEGAL POLICY AS CONCERNS THE PROGRAM RECOMMENDED FOR N.B. FOR THE 2007-2008 SCHOOL YEAR**

At Point II of the Plaintiffs' Reply MOL, the plaintiffs repeat their unexhausted contention that the record establishes that there was a policy of the Tuxedo Union Free School District ("District") not to provide in home transition services to a disabled student once they transition to kindergarten, i.e., as relates to N.B.'s 2007-2008 school year. However, the plaintiffs continue to fail to provide any evidence of such an established practice or policy.

The evidence establishes that during the 2006-2007 school year, the SEIT services previously delivered in home to N.B. were provided to N.B. in a flexible setting at the Keller School under the IEP agreed to by the plaintiff parents and that it was determined that such a flexible setting, as well as other services and programs provided at the Keller School ,or under the IEP for the 2007-2008 school year at the North Garnerville BOCES school, were required for N.B. to generalize learning. TR. 176; 1021-1023, 1026-1028, 1035-1036, 1040-1041; see also D-82.

### POINT II

**THE KELLER SCHOOL AND NORTH GARNERVILLE BOCES SCHOOL PROGRAMS WERE PROPERLY DEEMED TO BE THE LEAST RESTRICTIVE ENVIRONMENT FOR N.B. BY THE DISTRICT'S EDUCATORS AND PROFESSIONALS AND THE STATE REVIEW OFFICER AND THAT DETERMINATION IS SUBJECT TO SUBSTANTIAL DEFERENCE BY THIS COURT**

At Point III of the Plaintiffs' Reply MOL, the plaintiffs assert that N.B. was best educated in a one-to-one home instruction setting, with the plaintiff then provided some unspecified additional educational services in a regular education class; that this was a less restrictive environment than N.B. being educated in the special class with mainstreaming opportunities provided at the Keller School program and the North Garnerville BOCES program ( in which those one-on-one services that N.B. had been provided in preschool would be provided in a group or classroom setting involving, as to special services, a "push-in" methodology).

However, isolating a student at home for the delivery of educational services during his or her developing years for all or a substantial portion of the school day is well-recognized to be more restrictive than a special education class. See e.g., *E.G. v. City Sch. Dist. of New Rochelle*, 606 F.

Supp. 2d 384, 391 (S.D.N.Y. 2009) ("[T]he District is correct that 1:1 at-home behavior therapy is more restrictive than Powers' special education class); *Lessard v. Wilton-Lyndeborough Coop. Sch. Dist.*, 06-CV-423 (JD), 2008 U.S. Dist. LEXIS 67142 (D.N.H. Aug. 14, 2008) ("home instruction is more restrictive than a full-time special day school"); *Burilovich v. Board of Educ.*, 97-CV-72191(BAF), 1998 U.S. Dist. LEXIS 8052 (E.D. Mich. Apr. 24, 1998) (holding that school based special education program involving interaction with other handicapped children was appropriate, and that the LRE principles of the IDEA applied and weighed in favor of the district's proposal over the parent's proposal involving 40 hours of at home therapy).

Furthermore, the record reflects that N.B. did well in the special education program at the Keller School in which one-to-one instruction in the school setting was substituted for one-to-one in-home instruction by agreement of the parties. TR. 705-738 and 1340-1341. The record also establishes that the North Garnerville BOCES 2007-2008 program would have provided N.B. with substantial one-to-one instruction for academics and special services (i.e., where deemed more appropriate than in a group) in a classroom setting with a flexible approach to meet her needs in the classroom learning environment – an environment that the plaintiffs' expert himself testified was more suitable (than segregated one-to-one instruction) to meet N.B.'s unique needs – while also offering N.B. substantial mainstreaming opportunities. TR. 805-806, 997-998, 1021-1023, 1026-1028, 1035-1036, 1038-1041, 1061-1062 and 1130-1131.

The record clearly establishes that the District did not unilaterally decide to place N.B. in the Keller School in a special education program. Rather, prior to June 5, 2006, the plaintiff parents had recommended the Keller School to the District's CPSE as the placement for N.B. for the 2006-2007 school year; the District accepted that recommendation, the plaintiff parents thereafter agreed with

the CPSE's recommendation for N.B. to attend the Keller School for the 2006-2007 school year and the plaintiff parents voluntarily enrolled N.B. in the CPSE's recommended program at the Keller School for the 2006-2007 school year. TR. 87-88 and 131; D-19.

Thus, the plaintiffs clearly misstate the facts when they repeatedly assert that the District "removed" N.B. out of what they characterize as a regular education pre-school program and compelled her to attend a more restrictive environment of a special education class at the Keller School. It is undisputed that the Keller School's special education program for N.B. was her last agreed-upon placement before the plaintiffs unilaterally removed N.B. from the Keller School and placed N.B. in successive private programs for the remainder of the 2006-2007 school year and for the 2007-2008 school year

As the SRO found at page 11 of his Decision, the plaintiff parents did not raise a concern as to whether N.B. was being placed in a least restrictive environment at any time prior to their removal of N.B. from the Keller School on January 2, 2007 and did not raise that issue in their May 7, 2007 due process complaint notice. The plaintiffs' LRE argument was an after the fact one designed to attempt to justify their decision to place N.B. in school programs that were unsuitable for her.

The SRO determined that, based upon the record of the administrative proceedings, citations to which he set forth in detail and to which the Court is respectfully referred, the Keller School and the North Garnerville programs provided N.B. with a LRE most suitable for her unique needs. See SRO Decision at pages 11-12 and 15-18.

As set forth in the defendant's initial memorandum of law, it is well-established in this Circuit that decisions by school professionals and educators and the State Review Officer as concerns the recognition and implementation of educational policies and methodologies vis-a-vis

the education of a disabled student are entitled to substantial deference by this Court.

In the defendant's initial memorandum of law, the defendants further contended that the decisions made by the District's professionals and educators and the State Review Officer as concerns the recommended extent of, and methodology for, mainstreaming so seriously handicapped a child as N.B. was, therefore, entitled to substantial deference by this Court. In support of this contention, the defendant cited to *P. v. Newington Bd. of Educ.*, 546 F.3d 111, 118 and 120 (2d Cir. 2008) and its progeny in *L. v. N. Haven Bd. of Educ.*, 624 F. Supp. 2d 163 (D. Conn. 2009), *E.G.*, 606 F. Supp. 2d 384 (S.D.N.Y. 2009) and *J.A. v. E. Ramapo Cent. Sch. Dist.*, 603 F. Supp. 2d 684 (S.D.N.Y. 2009).

In response, the plaintiff has sought to distinguish these cases and continues to assert that the conclusion of the District and the SRO that the Keller School and the North Garnerville programs provided the plaintiff student with a LRE most suitable for her unique needs, despite its record support as cited by the State Review Officer, is not entitled to deference by this Court. The case law makes abundantly clear that the plaintiffs are clearly mistaken in this respect. See *E.H. v. Bd. of Educ.*, 2009 U.S. App. LEXIS 22757 (2d Cir. Oct. 16, 2009) ("We likewise defer to his conclusion, based on the testimony of an independent psychologist and on data regarding other students in the classroom to which defendants proposed to assign C.H., that the six-person classroom requested by plaintiffs would not have been the 'least restrictive environment' the statute requires."), *Pachl v. Seagren*, 453 F.3d 1064, 1069 (8th Cir.2006) ("With so many educators agreeing that the amount of mainstream time proposed in Sarah's IEP was adequate and appropriate, we find no error in the conclusion of the district court, giving due weight to the views of the School District on matters of sound educational policy, that the IEP provided the least restrictive environment for

Sarah's education within the meaning of the IDEA."), *M.S. v. Yonkers Bd. of Educ.*, 231 F.3d 96, 105 (2d Cir. 2000), *Amann v. Stow School System*, 982 F.2d 644, 651 (1st Cir. 1992)[1], *Gavrity v. New Leb. Cent. Sch. Dist. & Patrick Gabriel*, 05-CV-1024 (Lead Case),06-CV-317 (Member Case) (NAM), 2009 U.S. Dist. LEXIS 90190, 105-106 (N.D.N.Y Sept. 29, 2009), *Patskin v. Bd. of Educ.*, 583 F. Supp. 2d 422, 431 (W.D.N.Y. 2008) ("The SRO issued a twenty-one page decision, making exhaustive factual findings based on the undisputed evidence, each of which specifically supports his finding that the District offered S.P. a FAPE in the LRE for the 2006-2007 school year. . . . Based upon the foregoing, I find no reason to disturb the findings of the SRO, which are entitled to deference."), *Pinn v. Harrison Cent. Sch. Dist.*, 473 F. Supp. 2d 477, 483 (S.D.N.Y. 2007), *C.P. v. Leon County Sch. Bd.*, 03 CV 65 (RH), 2005 U.S. Dist. LEXIS 46271 (N.D. Fla. Mar. 31, 2005) ("In addition to mandating free appropriate public education, the IDEA specifically directs education of a disabled child in the least restrictive environment possible. In applying these standards, 'the district court must pay great deference to the educators who develop the IEP.'"), *Masar v. Bd. of Educ.*, 01-CV-794 (RHB), 2003 U.S. Dist. LEXIS 20036 (W.D. Mich. Aug. 18, 2003)[2] and *D.F. v.*

---

[1] "Where the evidence permits two plausible views of adequacy/appropriateness, the agency's choice between them cannot lightly be ignored.' *Roland M*., 910 F.2d at 994. An IEP 'may not be the only appropriate choice, or the choice of certain selected experts, or the child's parents first choice, or even the best choice,' [*citation* omitted], yet still provide a free appropriate public education. Our review of the record assures us that the program offered by Stow struck a suitable balance between the goals of mainstreaming and 'maximum possible development.' We need go no further."

[2] "The record also persuasively demonstrates that any benefits Michael might have received in the general educational setting at Edgewood were far outweighed by the benefits gained from his placement in the segregated setting at North-East. Applying the modified de novo standard of review and giving the State Review Officer deference for his findings on educational issues, this Court is fully satisfied that the State Review Officer was correct in his determination that Michael's placement in a segregated school for students with emotional impairments provided him with a free appropriate public education in the least restrictive

*Western Sch. Corp.*, 921 F. Supp. 559, 565 (S.D. Ind. 1996).

As United States District Court Judge David F. Hamilton of the District Court for the Southern District of Indiana held in *D.F.,* 921 F. Supp. at 565:

> After careful review of the administrative record and the administrative decision, as well as the supplemental evidence offered by the parties, the court concludes that summary judgment for defendants is warranted in this case. Plaintiffs have not come forward with evidence that would support a reversal of the administrative decision, at least so long as the hearing officer's findings and judgments about educational policy are to be accorded any meaningful degree of deference. The real dispute here does not concern historical facts or judgments of credibility. The dispute here is a dispute between experts in special education over the extent to which mainstreaming is appropriate for D.F. The case thus presents a dispute over educational theory, practice, and policy -- the type of dispute where deference to the educational expertise of a hearing officer is especially appropriate under *Rowley*, 458 U.S. at 206-08."

## POINT III

**THE COURT SHOULD NOT PERMIT THE PLAINTIFFS TO SUPPLEMENT THE RECORD AS THEY HAVE PROVIDED NO REASON WHY THE PROFFERED EVIDENCE – ALL OF WHICH WAS AVAILABLE AT THE TIME OF THE HEARINGS BEFORE THE IMPARTIAL HEARING OFFICER – WAS NOT MADE PART OF THE ADMINISTRATIVE RECORD**

In the defendant's initial memorandum of law, the defendant set forth the well-recognized standard by which courts determine whether a party should be permitted to supplement the administrative record upon which the State Review Officer's decision was based. Under that

---

environment as required under the IDEA. Accordingly, the decision of the State Hearing Officer will be affirmed and Plaintiff's appeal will be dismissed."

standard, at a minimum, the plaintiff must provide a reasonable explanation as to why the evidence was not presented at the administrative level since otherwise the Court would be faced with litigants saving their best evidence for the judicial review proceedings before this Court, while hampering the Impartial Hearing Officer and State Review Officer from making determinations based upon a complete and accurate record.

The plaintiffs present no explanation as to why the outside evidence they now offer, all of which was in existence during the administrative hearings, was not offered to the Impartial Hearing Officer. Rather they claim that other counsel was representing the plaintiffs during the administrative proceedings. However, no affidavit is presented from either the plaintiff parents or prior counsel providing any explanation for their withholding during the administrative proceedings what the plaintiffs now claim is relevant and non-repetitive evidence.

Concerning the plaintiffs' current counsel's belated unsuccessful attempt (over a month after they filed their amended verified petition to the State Review Officer) to provide the same documentary evidence to the State Review Officer with a late memorandum of law, each of which was rejected by the State Review Officer, they provide no explanation or justification for why that material was not timely filed with the State Review Officer. Rather, they contend that under the rules governing the State Review Officer, unless he requests such additional evidence, it will not be considered.

However, that is not the rule that the State Review Officer follows. His rule, similar to that applied by the courts, as concerns parent appeals with efforts to provide additional documentary evidence is: "Generally, documentary evidence not presented at an impartial hearing may be considered in an appeal from an impartial hearing officer's decision only if such evidence could not

8

have been offered at the time of the hearing and the evidence is necessary in order to render a decision." SRO Decision 09-098 at page 5; SRO Decision 07-118 at page 1.  It is apparent that as all the evidence the plaintiffs sought to offer to the SRO could have been offered during the hearings, the State Review Officer would have refused to consider it even if the plaintiffs had timely submitted it with their petition.

## CONCLUSION

For the reasons set forth herein and in the defendant's initial memorandum of law, the plaintiffs' motion under Fed. R. Civ. P. 56 should be denied, the District's motion under Fed. R. Civ. P. 56 should be granted in all respects, the Amended Complaint should be dismissed with prejudice and the District should be granted such other and further relief as to the Court may seem just and proper.

Dated: November 10, 2009

Respectfully submitted,

**SHAW,  PERELSON, MAY & LAMBERT, LLP**
Attorneys for Defendant Tuxedo CSD


By              S/
Mark C. Rushfield, Esq. (MCR 0231)
(of Counsel to the Firm)
21 Van Wagner Road
Poughkeepsie,  New York 12603
(845) 486-4200