**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

———————————————————————————

|   |   |
|---|---|
| | : |
| **G.B. and L.B.. on behalf of their minor child,** | : |
| **NB, and on their own behalves,** | : |
| | : |
| **Plaintiffs,** | :        **Civil Action 09 -CV- 859 (KMK)** |
| | : |
| **vs.** | : |
| | : |
| **TUXEDO UNION FREE SCHOOL DISTRICT,** | : |
| | : |
| **Defendant.** | : |

———————————————————————————

**DEFENDANT'S POST-SUMMARY JUDGMENT**
**MEMORANDUM OF LAW AS DIRECTED BY THE COURT**

Respectfully submitted:
**SHAW, PERELSON, MAY & LAMBERT, LLP**
Attorneys for Defendant
(Mark C.  Rushfield, Esq., of Counsel)
21 Van Wagner Road
Poughkeepsie, New York 12603
Tel.  No.  (845) 486-4200

On the Brief:
Mark C.  Rushfield, Esq.

## TABLE OF CONTENTS

**PAGE**

**TABLE OF AUTHORITIES** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **ii**

**PRELIMINARY STATEMENT AND PROCEDURAL HISTORY** . . . . . . . . . . . . . . . . . . 1

**THE FACTS** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **4**

**ARGUMENT**

      **POINT I**

                  **THE PLAINTIFFS SHOULD HAVE TUITION REIMBURSEMENT FOR THE 2006-2007 SCHOOL YEAR EITHER DENIED OR SUBSTANTIALLY REDUCED** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **7**

      **POINT II**

                  **THE PLAINTIFFS ARE NOT ENTITLED TO RETROACTIVE PENDENCY** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **14**

      **POINT III**

                  **THE PLAINTIFFS SHOULD BE DENIED PRE-JUDGMENT INTEREST ON THE TUITION REIMBURSEMENT THEY ARE AWARDED BY THE COURT** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **15**

      **POINT IV**

                  **THERE IS NO JUSTIFICATION FOR THE ISSUANCE OF ANY INJUNCTIVE RELIEF** . . . . . . . . . . . . . . . . . . . . **17**

**CONCLUSION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **19**

i

## <u>TABLE OF AUTHORITIES</u>

<u>PAGE</u>

### CASES

*A.H. v. NYC Dept. of Educ.*,
    652 F. Supp. 2d 297 (E.D.N.Y. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

*Arlington C.S.D. v. L.P.*,
    421 F. Supp. 2d 692 (S.D.N.Y. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Bd. of Educ. of Pawling Cent. Sch. Dist. v. Schutz*,
    290 F.3d 476 (2d Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Beck v. Maistee County*,
    97-CV-533, 2005 WL 2620194 (W.D. Mich. Oct. 14, 2005) . . . . . . . . . . . . . . . . . . . . . 16

*Berger v. Medina City Sch. Dist.*,
    348 F.3d 513 (6th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Bettinger v. N.Y. City Bd. of Educ.*,
    06 CV 6889 (PAC), 2007 U.S. Dist. LEXIS 86116 (S.D.N.Y. Nov. 20, 2007) . . . . . . . 10

*C.H. v. Cape Henlopen Sch. Dist.*,
    606 F.3d 59 (3d Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*C.N. v. Willmar Pub. Sch. Indep. Sch. Dist. No. 347*,
    591 F.3d 624 (8th Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Carmel Cent. Sch. Dist. v. V.P.*,
    373 F. Supp. 2d 402 (S.D.N.Y. 2005),
    affirmed 192 Fed. Appx. 62 (2d Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12

*City of Los Angeles v. Lyons*,
    461 U.S. 95, 103 S.Ct. 1660 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*D'Ascoli v. Roura & Meland*,
    02 Civ. 2684 (LMM), 2005 WL 1655073 (S.D.N.Y. July 13, 2005) . . . . . . . . . . . . . . 17

*Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C. v. Dupont*,
    371 F. App'x. 135 (2d Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*E.E.O.C. v. Yellow Freight Sys., Inc.*,
   98 Civ. 2270 (THK), 2002 WL 31011859 (S.D.N.Y. Sept. 9, 2002) . . . . . . . . . . . . . . . 17

*Forest Grove Sch. Dist. v. T.A.*,
   129 S.Ct. 2484, 74 L.Ed.2d 168 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

*Frank G. v. Bd. of Educ.*,
   459 F.3d 356 (2d Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 13

*Gabel ex. rel. L.G. v. Bd. of Educ. of Hyde Park Cent. Sch. Dist.*,
   368 F. Supp. 2d 313 (S.D.N.Y. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Gagliardo v. Arlington Cent. Sch. Dist.*,
   489 F.3d 105 (2d Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*J.P. v. Enid Pub. Sch.*,
   CIV-08-0937-HE, 2009 WL 3104014 (W.D. Okla. Sept. 23, 2009) . . . . . . . . . . . . . . . 10

*Lane Bryant, Inc. Hatliegh Corp.*,
   517 F. Supp. 1196 (S.D.N.Y. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*M.C. v. Voluntown Bd. of Educ.*,
   226 F.3d 60 (2d Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

*Mackey v. Arlington C.S.D.*,
   386 F.3d 158 (2d Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Ms. M. v. Portland Sch. Comm.*,
   360 F.3d 267 (1st Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Nein v. Greater Clark County Sch. Corp.*,
   95 F. Supp. 2d 961 (S.D. Ind. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*S.E.C. v. Custable*,
   94 C 3755, 1995 WL 117935 (N.D. Ill. Mar. 15, 1995),
   aff'd 132 F.3d 36 (7th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*S.W. v. New York City Dep't. of Educ.*,
   646 F. Supp. 2d 346 (S.D.N.Y. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Schaffer v. Dickstein & Co.*,
   95 Civ. 7934 (JSR), 1997 WL 292005 (S.D.N.Y. June 3, 1997) . . . . . . . . . . . . . . . . . . 16

*Shipler v. Maxwell*,
   08-2057 (JFM), 2009 U.S. Dist. LEXIS 63609 (D.Md. July 23, 2009)
   reconsideration denied, CIV. JFM 08-2057,
   2009 WL 4544738 (D.Md. Nov. 30, 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 13

*Stevens v. NYC Dept. of Educ.*,
   09 Civ. 5327 (DLC), 2010 U.S. Dist. LEXIS 25427 (S.D.N.Y. March 18, 2010) . . . 9, 10

*Thies v. N.Y. City Bd. of Educ.*,
   07 Civ. 2000 (RMB), 2008 U.S. Dist. LEXIS 11354 (S.D.N.Y. Feb. 4, 2008) . . . . . . . . 9

*Walia v. Vivek Pursamir & Associates, Inc.*,
   160 F.Supp. 2d 380 (E.D.N.Y. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Werner v. Clarkstown C.S.D.*,
   363 F.Supp.2d 656 (S.D.N.Y. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Wickham Contracting Co., Inc. v. Local Union No. 3, Int'l Broth. of Elec. Workers, AFL-CIO*,
   955 F.2d 831 (2d Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

## STATUTES

20 U.S.C. §1412(a)(10)(C)(iii) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8, 9

20 U.S.C. §1412(a)(10)(C)(III)(I)(aa) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 9, 12, 13

20 U.S.C. §1412(a)(10)(C)(III)(I)(bb) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8, 9, 12, 13

20 U.S.C. §1415(i)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

20 U.S.C. §1415(i)(2)(c)(iii) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

20 U.S.C. §1415(j) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 15

20 U.S.C. §1961(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

## PRELIMINARY STATEMENT AND PROCEDURAL HISTORY

Plaintiffs, on behalf of their minor child, N.B., in their Amended Complaint in this action as against the defendant Tuxedo Union Free School District ("District"), set forth a claim for relief under the Individuals with Disabilities in Education Act ("IDEA"), 20 U.S.C. § 1415(i)(2). Plaintiffs asserted therein that the decision of the New York State Review Officer ("SRO") in Decision No. 08-087 (the "SRO Decision") must be reversed.

In that decision, the SRO affirmed the decision of the Impartial hearing Officer ("IHO") that the District had provided N.B. with a free appropriate public education in the least restrictive environment ("FAPE") for the 2006-2007 and 2007-2008 school years and denied the plaintiffs request for tuition reimbursement for their unilateral placement of N.B. at successively, the Montclair State University Preschool during the 2006-2007 and 2007-2008 school years until November of 2007, followed by the Suffern Montessori School as of December 1, 2007.

The IHO had further held that the plaintiff parents had not met their burden of establishing that their unilateral placement of N.B. at any of the aforesaid schools was appropriate to meet N.B.'s special education needs and determined that in light of his decision he needn't address the balancing of the equities. The SRO determined that in light of his decision that the District had provided N.B. with a FAPE for the 2006-2007 and 2007-2008 school years, he need not address the IHO's decision that the plaintiff parents had not met their burden of establishing that their unilateral placement of N.B. at any of the aforesaid schools was appropriate to meet N.B.'s special education needs or the balancing of the equities.

By Order of the IHO rendered on January 30, 2008, the IHO ordered that the October 3, 2006 IEP constituted N.B.'s pendency placement and that the District was required to provide related services in the same fashion and amounts as set forth on that IEP. The SRO Ordered that upon proof

of payment, the District reimburse the plaintiff parents for the related services they obtained for the student pursuant to pendency. Upon information and belief, the District has fully complied with that unappealed Order. The SRO also ordered other reimbursements be made to the plaintiff parents and that it provide "additional compensatory related services to the student that the student's parents were unable to obtain, but that the student was entitled to pursuant to pendency (SRO Decision at page 19). Upon information and belief, all these orders were complied with, including the provision of additional compensatory services to N.B. that the plaintiff parents had been unable to obtain because of affordability or other issues in order to be provided with all the related services that were provided through the  October 3, 2006 IEP.

The parties made cross-motions for summary judgment. In their motion for summary judgment, the plaintiffs did not claim that ordered services as per the SRO's orders were not being complied with.

The Court granted summary judgment to the plaintiffs and denied summary judgment to the District. The Court held that the District's IEPs for each of the school years violated the IDEA's mainstreaming requirements and that the plaintiff parents' placement of N.B. at the schools involved were appropriate to meet N.B.'s needs.

Concerning the "balancing of the equities", the Court held that tuition reimbursement should be reduced for the 2006-2007 school year because of the plaintiffs' failure to provide proper notice before removing N.B. from the Keller School, but that there should be no reduction in reimbursement for the 2007-2008 school year.

In its conclusion, the Court directed the parties to "submit briefs, within thirty days, addressing Plaintiff's damages (including the extent to which they should be equitably reduced) and

whether an injunction should issue."[1]

The Amended Complaint in this case requested the following areas of relief which may be subject to the Court's request for briefing:

1.     Reimbursement of the tuition paid for both school years, with pre-and post-judgment interest.

2.     Requiring continued tuition reimbursement based upon the 2007-2008 IEP on the basis that (as a consequence of the Court's Opinion and Order) that is now the retroactive pendency placement for the succeeding school years.

3.     A temporary and preliminary injunction against the District failing to provide all the related services set forth in the October 3, 2006 IEP.[2]

4.     An order that the defendant provide compensatory services due to its failure to provide one or more of the related services set forth in the October 3, 2006 IEP or, in the alternative to provide the plaintiffs reimbursement for expenses they have incurred ensuring the provision of such services.

As the defendant asserts that it has fully complied with the IHO's and SRO's orders and any dispute on that score would have to be the subject of evidence and testimony, it will address through this brief the following issues: (1) the reduction of tuition reimbursement to the plaintiffs for the 2006-2007 school year because of the plaintiffs failure to provide proper notice before removing

---

[1] The Court has requested a briefing of certain issues, including "damages" and an "injunction", but has not requested either testimony or affidavits concerning compliance with the IHO and SRO's orders concerning pendency. Should an adverse claim be made as concerns such compliance, either responsive affidavits or a hearing should be scheduled to address those issues as such fact disputes cannot be addressed through a brief.

[2] The plaintiffs never made any application to the Court for relief to enforce the pendency orders of the SRO.

N.B. from the Keller School; (2) any claim the plaintiffs may make for retroactive pendency for tuition for school years subsequent to the 2007-08 school year prior to this Court's September 30, 2010 Opinion and Order; (3) the plaintiffs' claim to pre-judgment interest; (4) any claim the plaintiffs may have for injunctive relief.

## THE FACTS

Concerning the issue of the reduction in tuition reimbursement because of the plaintiffs' failure to provide proper notice before removing N.B. from the Keller School, the facts establish that the IEP for the summer of 2006 dated August 15, 2006 (D-13) and for the 2006-2007 school year dated October 3, 2006 (D-19), though containing language carried over from prior IEPs that the CPSE had rejected a "special class program" as "overly restrictive" (D-2 at page 5, D-9 at page 6, D-13 at page 6, D-19 at page 6), each specifically provided that "[b]ased on Committee discussion, Natalie will attend the Fred S. Keller School for the 2006/7 school year. Natalie will start in a self-contained classroom. Should it be appropriate to move to an integrated classroom, the Committee will hold a meeting and document the change to reflect that recommendation.". D-13 at page 5; D-19 at page 5.

In fact, prior to June 5, 2006, the plaintiff parents had recommended the Keller School to the CPSE as the placement for N.B. for the 2006-2007 school year and they thereafter agreed with the CPSE's recommendation for N.B. to attend the Keller School for the 2006-2007 school year and enrolled N.B. in the CPSE's recommended program at the Keller School. TR. 87-88 and 131;D-19. In this regard, the plaintiff parents and the District had both been fully aware prior to the plaintiff parents' recommendation to the CPSE and agreement to have N.B. placed at the Keller School at its Rockland County campus for the 2006-2007 school year that N.B. would be placed in a 6:1:2 non-integrated class, the only class for special education students then available at the Keller

4

School's Rockland County campus, and that students in that class could thereafter be transitioned into a 12:1:2 integrated class upon receipt of State permission to establish the 12:1:2 integrated class at the Rockland County campus. TR.608-623; D-38 and D-39.

After four months of N.B. having attended the Keller School, effective January 2, 2007, without prior notice to the CPSE or the District, the plaintiff parents unilaterally removed N.B. from the Keller School. TR. 1643-1648; D-55. Thereafter, on January 10, 2007, the plaintiff parents verbally notified the District that they had removed N.B. from the Keller School, that they had already placed N.B. in a child-care program at Montclair State University Preschool[3] and that they would be enrolling N.B. full-time in that program by the end of January of 2007. D-55.

As the SRO found: "Although the parents now argue that the 2006-07 IEP failed to recommend a placement in the LRE, I note that they did not raise a concern at any time prior to the withdrawal of their daughter from the Keller School nor did they indicate such in their May 7, 2007 due process complaint notice (see Tr. pp. 164, 168, 214-15; IHO Ex.1)."

There was, by parental fiat, no opportunity to address the issues being raised by the plaintiff parents before their removal of N.B. from the Keller School and their unilateral placement of the student in a program through Montclair State University.

Further, the oral notice provided by the plaintiff parents to the District by telephone on January 10, 2007 did not inform the District of their intent that the placement of N.B. at the Montclair State University Preschool be at public expense. TR. 167-168; D-55. In fact, a request that that such placement be at public expense did not arise until their May 7, 2007 request for an

---

[3]The facts establish that the plaintiff parents had enrolled N.B. in an intermediate prerequisite program at Montclair State University Preschool commencing on January 8, 2007. TR. 1579-1580; P-I.

impartial hearing. IHO-1.

Concerning the issue of retroactive pendency as to tuition and the issue of pre-judgment interest, the facts establish that both the IHO and SRO agreed with the District's position that the programs that the District was offering to the plaintiff parents for N.B. provided a free appropriate public education in the LRE and the IHO and SRO each made a pendency determination that has been fully complied with. The first and only contrary determination as to the merit of the District's position was that of this Court on September 30, 2010.

Further, upon information and belief, though N.B. was enrolled in the Suffern Montessori School during the 2008-2009 school year, the plaintiff parents did not challenge the IEP issued for her by the District for that school year. They filed no request for a due process hearing. Also upon information and belief, though N.B. attended the Suffern Montessori School that school year, by December of that school year she was already older than the age to which the Suffern Montessori School's program applies and was essentially a first grader maintained in a kindergarten class.

Upon further information and belief, N.B. was home schooled by the plaintiffs during the 2009-2010 school year and the plaintiff parents did not challenge the IEP issued for her by the District for that school year either. They again filed no request for a due process hearing.

Finally, upon information and belief, the plaintiff parents relocated to Georgia before the current 2010-2011 school year and the school system responsible for providing N.B. with a free appropriate public education in the LRE for 2010-2011 is the Fulton County Georgia school system.

Moreover, this Court did not address or dispute the District's position, accepted by the IHO and SRO, as to the educational methodology used through the District's recommended programs being appropriate for N.B., a subject of vehement disagreement between the parties through the administrative proceedings and in the cross-motions before this Court. Rather, the Court disagreed

with the District's, IHO's and SRO's conclusion that the preschool program for N.B. at the Keller School for 2006-2007 or the kindergarten program for N.B. through Rockland County BOCES at the North Garnerville Elementary School for N.B. for the 2007-2008 school year met the LRE requirement.

This was, therefore, a case that involved a good faith dispute between the parties in which the District's position was accepted by both impartial decision-makers in the administrative process. There was no finding of inequitable conduct or bad faith having been engaged in by the District.

Concerning the injunctive relief referred to in the Amended Complaint, that sought therein appears to relate solely to the issue of compliance with the IHO's and SRO's orders. There was no evidence presented upon the motion for summary judgment that such compliance by the District has not occurred and the District asserts that it complied fully with those orders.

## ARGUMENT

### POINT I

**THE PLAINTIFFS SHOULD HAVE TUITION REIMBURSEMENT FOR THE 2006-2007 SCHOOL YEAR EITHER DENIED OR SUBSTANTIALLY REDUCED**

The amendments to the IDEA promulgated under the IDEA in 1997, at 20 U.S.C. § 1412(a)(10)(C)(III)(I) (aa) and (bb), and 20 U.S.C. § 1412(a)(10) (C)(iii), provide in relevant part that under the IDEA the cost of reimbursement for a private school placement may be reduced or denied if

> (aa) at the most recent IEP meeting that the parents attended prior to removal of the child from the public school, the parents did not inform the IEP Team that they were rejecting the placement proposed by the public agency to provide a free appropriate public education to their child, including **stating**

7

> **their concerns and their intent to enroll their child in a private school at public expense**; or
>
> (bb) **10 business days (including any holidays that occur on a business day) prior to the removal of the child from the public school, the parents did not give written notice to the public agency of the information described in item (aa)**;
>
> \*              \*              \*
>
> or
>
> (III) **upon a judicial finding of unreasonableness with respect to actions taken by the parents**.
>
> (**Emphasis** added).

20 U.S.C. § 1415(i)(2)(c)(iii) provides that in the instant action, the Court shall "grant such relief as the court determines is appropriate."

The Court has already found that the plaintiffs' lack of requisite written notice to the District as required by 20 U.S.C. § 1412(a)(10)(C)(III)(I)(bb) should result in a reduction of the tuition that should be awarded to the plaintiffs for the 2006-2007 school year. The issue for the Court's consideration then is how much of a reduction should be ordered. It is submitted that that reduction should be substantial, i.e., it should bar all or most of the recovery of tuition sought by the plaintiff parents for the 2006-2007 school year.

The plaintiffs have the burden of establishing that under the IDEA, their actions were reasonable and that the equities warrant their securing tuition reimbursement relief under 20 U.S.C. § 1412 (a)(10)(C)(iii) and 20 U.S.C. § 1415(i)(2)(c)(iii). *Forest Grove Sch. Dist. v. T.A.* 129 S. Ct. 2484, 2496, 74 L.Ed. 2d 168 (2009); *Stevens v. NYC Dept. of Educ.*, 09 Civ. 5327 (DLC), 2010 U.S. Dist LEXIS 25427, 32-33 (S.D.N.Y. March 18, 2010); *A.H. v. NYC Dept. of Educ.*, 652 F.Supp.2d

297, 312-313 (E.D.N.Y. 2009); *Thies v. N.Y. City Bd. of Educ.*, 07 Civ. 2000 (RMB), 2008 U.S.

Dist. LEXIS 11354 (S.D.N.Y. Feb. 4, 2008); *Werner v. Clarkstown CSD*, 363 F.Supp.2d 656, 660-

661 (S.D.N.Y. 2005).

The amendments to  20 U.S.C. § 1412(a)(10)(C)(iii)(I) (aa) and (bb) substantially codified

the existing case law under  20 U.S.C. § 1412 (a)(10)(C)(iii) and 20 U.S.C. § 1415(i)(2)(c)(iii) at

the time of their adoption. *M.C. v. Voluntown Bd. of Educ.*, 226 F.3d 60, 69 n.9 (2d Cir. 2000); *S.W.*

*v. New York City Dep't of Educ.*, 646 F. Supp. 2d 346, 362 (S.D.N.Y. 2009).

Under these amendments, this Court "enjoys broad discretion in considering equitable factors

relevant to fashioning relief." *Gagliardo v. Arlington Cent. Sch. Dist.*, 489 F.3d 105, 112 (2d Cir.

2007). However, the Supreme Court has cautioned that "[i]n considering the equities, courts should

generally presume that public-school officials are properly performing their obligations under

IDEA." *Forest Grove Sch. Dist.,*129 S. Ct. at 2496.

Under the IDEA, a parent who unilaterally places a student in a private school before giving

the student's school district an opportunity, **before the student is removed**, to assemble a team,

evaluate the child, devise an appropriate plan, and determine whether a free appropriate public

education can be provided in the public schools, does so at his or her own financial risk. *Forest*

*Grove Sch. Dist.*, 129 S. Ct. at 2496. In cases where the parents have not provided the requisite

notice and opportunity, the courts are prone to deny tuition reimbursement for the unilateral private

placement. *C.H. v. Cape Henlopen Sch. Dist.*, 606 F.3d 59, 72 (3d Cir. 2010)[4]; *C.N. v. Willmar Pub.*

*Sch., Indep. Sch. Dist. No. 347*, 591 F.3d 624, 636 (8th Cir. 2010); *MC v. Voluntown Bd. of Educ.*,

---

[4]"The IDEA was not intended to fund private school tuition for the children of parents
who have not first given the public school a good faith opportunity to meet its obligations."

9

226 F.3d at 68; *Stevens*, 2010 U.S. Dist LEXIS 25427[5]; *A.H.*, 652 F.Supp.2d at 313 (E.D.N.Y. 2009)[6], *Shipler v. Maxwell*, 08-2057 JFM), 2009 U.S.Dist LEXIS 63609 (D.Md. July 23, 2009) reconsideration denied, CIV. JFM 08-2057, 2009 WL 4544738 (D. Md. Nov. 30, 2009);[7] *J.P. v. Enid Pub. Sch.*, CIV-08-0937-HE, 2009 WL 3104014 (W.D. Okla. Sept. 23, 2009)[8]; *Bettinger v. N.Y. City Bd. of Educ.*, 06 CV 6889 (PAC), 2007 U.S. Dist. LEXIS 86116 (S.D.N.Y. Nov. 20, 2007) ("Where

---

[5] "Even before the IDEA was amended in 1997 to include sections (aa) and (bb), 'courts ha[d] held uniformly that reimbursement is barred where parents unilaterally arrange for private educational services without ever notifying the school board of their dissatisfaction with their child's IEP.' *Id.* at 68. Parents whose child is already enrolled in a private school at public expense have the same obligation to notify the school board of their intent to enroll the student unilaterally in a different private placement as do parents whose child is currently in a public placement. *S.W. v. N.Y. City Dep't of Educ.,* 646 F.Supp.2d 346, 362-363 (S.D.N.Y.2009); *see also Town of Burlington v. Dep't of Educ.,* 736 F.2d 773, 799 (1st Cir.1984), *aff'd,* 471 U.S. 359, 105 S.Ct. 1996, 85 L.Ed.2d 385 (1985).

The record amply supports the SRO's finding that 'the parent failed to provide the notice required by the IDEA, and therefore, is not entitled to an award o [f] reimbursement on that basis.'"

[6] "[B]y selecting [the Mary McDowell School] without first fulfilling [her] obligation to work together with school officials to find a placement that was appropriate,' plaintiff demonstrated that she did not seriously intend to enroll J.H. in public school. See *Tucker v. Bay Shore Sch. Dist.*, 873 F.2d 563, 567 (2d Cir. 1989). To permit reimbursement in such a circumstance would encourage parents to sidestep the process established by Congress and New York law to ensure that disabled children receive a free appropriate public education."

[7] "The fact that the IEP team was in the process of revising Ethan's IEP does not excuse the Shiplers from the procedural requirements of the IDEA, nor does it alter the notice provision's 'important purpose of giving the school system an opportunity, before the child is removed, to assemble a team, evaluate the child, devise an appropriate plan, and determine whether a free appropriate public education can be provided in the public schools.' *Greenland Sch. Dist. v. Amy N.,* 358 F.3d 150, 160 (1st Cir.2004), *abrogated in part by Forest Grove Sch. Dist.,* 2009 U.S. LEXIS 4645, 2009 WL 1738644. I find that, after an analysis of the equities, tuition reimbursement is not called for in this case."

[8] "To recover reimbursement, plaintiffs must additionally show that (1) R.P. provided the District with notice prior to placing J.P. in a private facility, 20 U.S.C. § 1412(a)(10)(C)(iii) . . . ."

parents unilaterally place their child in a private school and then frustrate the public educational authorities' ability to 'place the child in an appropriate private setting of the State's choice,' thus making it impossible to conform to IDEA's mandate, equitable considerations demand that the court deny reimbursement.");*Carmel Cent. Sch. Dist. v. V.P.*, 373 F. Supp. 2d 402, 408 (S.D.N.Y. 2005), affirmed 192 Fed. Appx. 62, 62-63 (2d Cir. 2006)

The case of *Carmel Cent. Sch.,*373 F. Supp. 2d 402, in which  Judge Colleen McMahon of this Court was faced with similar factual circumstances, is instructive. In rejecting the SRO's grant of tuition reimbursement to the parents, she ruled that "[b]ecause IDEA and the regulations promulgated thereunder prohibit tuition reimbursement in these circumstances, I reverse the decision of the SRO awarding tuition reimbursement to the parents and direct that judgment be entered in favor of the District," 373 F. Supp. 2d at 405 and that "the IDEA itself bars the plaintiffs' claim for tuition reimbursement."  373 F. Supp. 2d at 410.

Judge McMahon reached this conclusion because of the parents' enrollment of the unclassified student therein at a private school before giving the school district a reasonable opportunity to determine whether a free appropriate public education could be provided to the student by the school district. She held in this regard concerning the above-cited provisions of the IDEA, 373 F. Supp. 2d at 413:

> These statutory provisions make clear Congress' intent that before parents place their child in private school, they must at least give notice to the school that special education is at issue. This serves the important purpose of giving the school system an opportunity, before the child is removed, to assemble a team, evaluate the child, devise an appropriate plan, and determine whether a free appropriate public education can be provided in the public schools. *Citation* omitted. Thus, the First Circuit concluded that the amendment required parents to give the school district a realistic

11

> opportunity to decide whether the District could provide the
> child with a FAPE in the public school setting before placing
> their child in private school and seeking tuition
> reimbursement.

She concluded, 373 F. Supp. 2d at 414-415:

> I conclude that the parents did not give Carmel's CSE a
> meaningful opportunity to consider whether V.P. could
> receive a FAPE before deciding to re-enroll her at Kildonan
> for the 2002-2003 school year. That being so, I hold that
> tuition reimbursement is not available to them as a matter of
> law, without regard to the *Burlington* factors.

The Second Circuit Court of Appeals affirmed these conclusions. 192 Fed. Appx. at 62-63.

As the Court of Appeals for the Second Circuit has stated, under 20
U.S.C.§1412(a)(10)(C)(iii) (I) (aa) and (bb), "[a]ll that is required of parents . . . is that they provide
the appropriate public agency with reasonable notice . . . stating their concerns and their intent to
enroll their child in a private school at public expense." *Frank G. v. Bd. of Educ*., 459 F.3d 356, 372
(2d Cir. 2006). The statute thereby mandates the absolute minimum notice required as written notice
of no less than ten business days, certainly not an excessive period of notice for a school district to
attempt to reformulate an educational program and design a new placement for a student whose
placement had been made upon the request of the parents themselves, as occurred in this case. Yet
the plaintiff parents in this case did not provide even this minimum notice before pulling their child
out of the agreed placement and unilaterally placing the child in a private school.

The statute specifically mandates that the written notice by the parents include a statement
of the parents' "intent to enroll their child in a private school at public expense." The oral notice
provided by the plaintiff parents to the District by telephone on January 10, 2007 did not inform the

12

District of their intent that the placement of N.B. at the Montclair State University Preschool be at public expense. TR. 167-168; D-55.In fact, a request that that placement be at public expense did not arise until their May 7, 2007 request for an impartial hearing. IHO-1.

This fact warrants a denial of tuition reimbursement for the 2006-2007 school year, at least through to May of 2007. As the Second Circuit has stated, the statute mandates as a condition to parents receiving reimbursement that their notice to the school district under 20 U.S.C.§1412(a)(10)(C)(iii) (I) (aa) and (bb) include notice of intent that the private placement be at public expense. *Frank G.*, 459 F.3d at 372.

This requirement is not a mere formality. "Notice of intent to seek public reimbursement is a critical issue under 20 U.S.C. §1412(a)(10)(C)(iii)." *Nein v. Greater Clark County Sch. Corp.*, 95 F. Supp. 2d 961, 984 (S.D. Ind. 2000); see also *Shipler*, 2009 U.S.Dist LEXIS 63609 ("form of notice must include a statement of the parents' concerns and their intent to enroll their child in a private school at public expense."). Absent such notice, the school district may reasonably believe that the unilateral placement of the student is to be at the parents' expense.

As the plaintiffs not only did not provide the requisite ten business days notice under 20 U.S.C.§1412(a)(10)(C)(iii) (I) (aa) and (bb), but, in fact, did not provide any notice of an intent that their placement of N.B. at the Montclair State University Preschool "be at public expense" prior to May of 2007, the Court should determine that the plaintiffs are not entitled to any reimbursement for the 2006-2007 school year, at least for the period prior to May of 2007. *Ms. M. v. Portland Sch. Comm.*, 360 F.3d 267, 269 (1st Cir. 2004); *Berger v. Medina City Sch. Dist.*, 348 F.3d 513, 523-524 (6th Cir. 2003); *Shipler*,2009 U.S.Dist LEXIS 63609.

## POINT II

## THE PLAINTIFFS ARE NOT ENTITLED TO RETROACTIVE PENDENCY

20 U.S.C. § 1415(j), the pendency provision of the IDEA, provides in pertinent part as follows: "[D]uring the pendency of any proceedings conducted pursuant to this section, unless the State or local educational agency and the parents ... otherwise agree, the child shall remain in the then-current educational placement of such child . . . ."

Pendency in this case was represented by the status maintained by the IHO and SRO until this Court rendered its pendency altering decision. That occurred, in regard to the Montessori School becoming a pendency placement for N.B. at the earliest on September 30, 2010 as it is only when the plaintiff parents are successful on their challenges that agreement to the private placement they made is implied by law and private placement pendency occurs. *Bd. of Educ. of Pawling Cent. Sch. Dist. v. Schutz*, 290 F.3d 476, 484 (2d Cir. 2002); *Gabel ex rel. L.G. v. Bd. of Educ. of Hyde Park Cent. Sch. Dist.*, 368 F. Supp. 2d 313, 324 (S.D.N.Y. 2005).

The cases in which the courts have concluded they have the equitable power to apply a decision altering pendency retroactive to the date of the decision is in the circumstance in which the decision altering the pendency was one by the SRO which was unduly delayed through no fault of the parents and then, in that case, the pendency reaches back to when the SRO should have rendered his decision. See *Mackey v. Arlington CSD*, 386 F.3d 158 (2d Cir. 2004) and *Arlington CSD v. L.P.,* 421 F. Supp. 2d 692, 701 (S.D.N.Y. 2006). However, that is obviously not the case here. The plaintiffs' appeal to the SRO was made on September 25, 2008, the SRO Decision was rendered on December 15, 2008 and that decision did not alter pendency, but reaffirmed it.

14

Further, applying such retroactive pendency to this Court's decision as concerns the school years after the 2007-2008 school year through to this Court's September 30, 2010 Opinion and Order would defeat the exhaustion requirement of the IDEA, which requires a parent in subsequent years to place subsequent IEPs at issue through an administrative hearing process and to establish that the private placement, assuming it has not changed, remains an appropriate placement for their child during those subsequent years. It is also precluded by the language of 20 U.S.C. § 1415(j), which authorizes such pendency "during the pendency of any proceedings conducted pursuant to this section." Because the plaintiffs did not deign to file due process hearing requests as concerned the IEPs promulgated by the District for 2008-2009 and 2009-2010, there have been no proceedings conducted pursuant to the IDEA relating to those school years and none are pending.

Finally, such retroactive pendency as concerns the effect of the Court's decision is made inappropriate by the facts, which, upon information and belief, would establish that, while continuing to receive the related services required by the October 3, 2006 IEP,  N.B. was in a program below her grade  at the Montessori School during the 2008-2009 school year, was home schooled during the 2009-2010 school year and for the 2010-2011 school year is no longer a resident of the District.

**POINT III**

**THE PLAINTIFFS SHOULD BE DENIED PRE-JUDGMENT INTEREST ON THE TUITION REIMBURSEMENT THEY ARE AWARDED BY THE COURT**

The decision as to whether to award pre-judgment interest on an award of tuition reimbursement in this case and its amount, if any, is a matter confided to this Court's discretion.

*Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C. v. Dupont*, 371 F. App'x. 135, 138 (2d Cir. 2010).

The considerations for this Court's exercise of this discretion has been set out by the Second Circuit Court of Appeals in the seminal case of *Wickham Contracting Co., Inc. v. Local Union No. 3, Int'l Broth. of Elec. Workers, AFL-CIO*, 955 F.2d 831, 833-835 (2d Cir. 1992), which states in relevant part:

> Under the Court's analysis, the award should be a function of (i) the need to fully compensate the wronged party for actual damages suffered, (ii) considerations of fairness and the relative equities of the award, (iii) the remedial purpose of the statute involved, and/or (iv) such other general principles as are deemed relevant by the court.
>
>            *                *                *
>
> **The relative equities may make prejudgment interest inappropriate when the defendant acted innocently and had no reason to know of the wrongfulness of his actions**, *see Jackson County,* 308 U.S. at 352-53, 60 S.Ct. at 289; **when there is a good faith dispute between the parties as to the existence of any liability** . . . . **Emphasis** added.

In this case, as evidenced by the IHO and SRO decisions rendered in favor of the District, it cannot be reasonably disputed that the District acted innocently and in good faith in asserting that the programs it approved for N.B. for each of the school years involved provided a free appropriate public education for N.B. in the LRE. In addition, the interest which would have to be paid in this case would come from the public coffers of the District, i.e., it would be paid by the taxpayers of the District. In such circumstances, the federal courts have held that no prejudgment interest should be awarded. *Schaffer v. Dickstein & Co.*, 95 CIV. 7934 (JSR), 1997 WL 292005 (S.D.N.Y. June 3,

1997); *Beck v. Manistee County*, 97-CV-533, 2005 WL 2620194 (W.D. Mich. Oct. 14, 2005)[9];

*S.E.C. v. Custable*, 94 C 3755, 1995 WL 117935 (N.D. Ill. Mar. 15, 1995) aff'd 132 F.3d 36 (7th

Cir. 1997)[10]; *Lane Bryant, Inc. v. Hatleigh Corp.*, 517 F. Supp. 1196, 1202 (S.D.N.Y. 1981)[11].

Any interest awarded in this case should be at the United States 52-week treasury bill rate

referred to in 28 U.S.C. § 1961(a). *D'Ascoli v. Roura & Melamed*, 02 CIV.2684(LMM), 2005 WL

1655073 (S.D.N.Y. July 13, 2005); *E.E.O.C. v. Yellow Freight Sys., Inc.*, 98 CIV. 2270(THK), 2002

WL 31011859 (S.D.N.Y. Sept. 9, 2002); *Walia v. Vivek Purmasir & Associates, Inc.*, 160 F. Supp.

2d 380, 388-89 (E.D.N.Y. 2000).

## POINT IV

## THERE IS NO JUSTIFICATION FOR THE ISSUANCE OF ANY INJUNCTIVE RELIEF

------

[9] "The Court is mindful of cases holding that prejudgment interest is often a component of complete compensation and that in light of § 1983's remedial purpose, interest is often included in the damages award. *See, e.g., Rao v. New York City Health & Hospitals Corp.,* 882 F.Supp. 321, 326 (S.D.N.Y.1995). In this case, however, the remedial purposes of § 1983 are outweighed by certain equitable considerations. First, as mentioned previously, the judgment amount, attorney fees, and costs will be paid from public money. Second, this was a close case that involved a good faith dispute over the County's liability. *See Wickham Contracting Co.,* 955 F.2d at 834 (noting that prejudgment interest may be denied when 'there is a good faith dispute between the parties as to the existence of any liability.') (citing *St. Louis & O'Fallon Ry. Co. v. United States,* 279 U.S. 461, 478, 49 S.Ct. 384, 73 L.Ed. 798 (1929)). The closeness of this case is reflected in the fact that two juries returned opposite verdicts. In light of the closeness of this case, the good faith dispute over the County's liability, and the fact that public money is at stake, the Court denies Plaintiff's prejudgment interest request."

[10] "Prejudgment interest is also inappropriate if a good faith dispute regarding liability existed, *Wickham Contracting Co. v. Local Union No. 3,* 955 F.2d 831, 834-35 (2d Cir.) (citing *St. Louis & O'Fallon Railway Co. v. United States,* 279 U.S. 461, 478, 483 (1929), *cert. denied,* --- U.S. ----, 113 S.Ct. 394 (1992)), or when the defendant acted innocently. *Id.*"

[11] "There has been no substantial showing of bad faith or other inequitable conduct by defendant. Prejudgment interest is within the discretion of the Court, given in response to considerations of fairness. Accordingly, plaintiff's request for prejudgment interest is denied."

The Amended Complaint sought a temporary and preliminary injunction against the District for its failing to provide all the related services set forth in the October 3, 2006 IEP as required by the SRO. As noted, the District asserts that it fully complied with those orders in all respects and raised no challenge to them. The plaintiffs did not assert the contrary in their summary judgment motion, though such an issue was independent of the plaintiffs' claim that the SRO's decision should otherwise be reversed.

Further, there are no allegations of ongoing violations of the IDEA in this case and the current state of events is that N.B. is no longer a resident of the District; that she is being schooled in Georgia. Consequently, the plaintiffs have no standing to obtain injunctive relief as they cannot establish a likelihood that they will suffer further violation of the IDEA by the District vis-a-vis the educational program that will be applied to N.B.; for the same reasons they cannot establish the requisite irreparable harm. *City of Los Angeles v. Lyons*, 461 U.S. 95, 103 S.Ct. 1660, 1665-1667 (1983).

**CONCLUSION**

For the reasons set forth herein, the plaintiffs should be denied all or most of the reimbursement of tuition they seek for the 2006-2007 school year, should be denied a retroactive pendency effect of this court's September 30, 2010 Opinion and Order, should be denied pre-judgment interest on any monies awarded to them by the Court and should be denied any injunctive relief.

Dated: October 29, 2010

Respectfully submitted,

SHAW,  PERELSON, MAY & LAMBERT, LLP
Attorneys for Defendant

By                            S/
Mark C. Rushfield, Esq. (MCR 0231)
(of Counsel to the Firm)
21 Van Wagner Road
Poughkeepsie,  New York 12603
(845) 486-4200

19